IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JVW ENTERPRISES, INC. | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.: MJG 00-1867 |
| INTERACT ACCESSORIES, INC. | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * *

**STIPULATION**

Whereas, the parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this 30th day of April, 2001, by the United States District Court for the District of Maryland, ORDERED:

1. <u>Designation of Discovery Materials as Confidential</u>. All documents produced in the course of discovery, all answers to interrogatories, all answers to requests for admission, all responses to requests for production of documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." Stamping such a legend on the cover of any multi-page documents shall so designate all pages of such document, unless otherwise indicated. One who provides material

may designate it as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information. Both parties shall endeavor to designate confidential information prior to, or contemporaneously with, the production or disclosure of that information; however, both parties may designate information that it has produced or disclosed as confidential at any time during the litigation, with said designation only taking effect when the opposing party receives notice thereof.

(b) Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within two weeks after receipt of the transcript. Until this two-week period has expired, the parties shall treat the entire deposition transcript as confidential. Any testimony which describes a document which has been designated as "CONFIDENTIAL" as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph (d) below ("receiving parties") for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals). In the event any non-party seeks access from a receiving party to documents or other material designated as "Confidential", or to information derived therefrom, that receiving party shall: (a) notify the producing party in writing of the non-party's request, within

ten (10) days of such request, and (b) not produce, grant access or otherwise make available any such documents, material or information, unless authorized in writing by the producing party, or until ordered to do so by a court of competent jurisdiction.

(d) The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be in the following circumstances:

(i) Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to current or former employees, officers and directors of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed. Prior to disclosure to such an individual, the individual shall have reviewed this Order and have agreed in writing to be bound by its terms.

(iii) Disclosure may be made to a witnesses at any deposition in this action only after such witness has been advised of and has agreed to the terms of this Agreement.

(iv) Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must agree to be bound by the terms of this Order.

(v) Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. <u>Confidential Information Filed with Court</u>. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion or memorandum referring to them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court in an envelope marked "SEALED PURSUANT TO ORDER OF COURT DATED _____", together with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"). The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the

Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under ¶ 4 of this Confidentiality Order.

3. <u>Party Seeking Greater Protection Must Obtain Further Order</u>. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph 1 of this Order unless the party claiming a need for greater protection moves for an order providing such special protection, pursuant to Fed. R. Civ. P. 26(c).

4. <u>Challenging Designation of Confidentiality</u>. In the event counsel for a party receiving documents, material, or information designated as "Confidential" objects to such designation of any or all of such items or class of items, said counsel shall provide the party or non-party witness producing the items or designating the items as "Confidential" written notice of such objections and the reasons therefore. If the producing or designating party disputes the receiving party's objections, all the items shall be treated as "Confidential" pending a resolution of the dispute as to confidentiality. The parties shall attempt in good faith to resolve any dispute as to confidentiality. If they are unable to resolve such dispute, it shall be the obligation of the party receiving the items designated as "Confidential" to move pursuant to Rule 26(c) for a ruling regarding the propriety of the designation  However, the burden of proving the confidentiality of designated information remains with the party asserting such confidentiality.

5. <u>Return of Confidentiality Material at Conclusion of Litigation</u>. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence

shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

Dated: *April 30, 2001*

*/s/*
United States District Court
for the District of Maryland

Dated: *25 April 2001*

GORDON, FEINBLATT, ROTHMAN,
HOFFBERGER & HOLLANDER, LLC

By: */s/*
~~Jerrold Thorpe~~ Jerrold A. Thrope
David L. Cahn
The Garrett Building
233 East Redwood Street
Baltimore, Maryland 21202-3332
    (410) 576-4102
FAX  (410) 576-4246

Attorneys For InterAct Accessories, Inc.

Dated: *14 March 2001*

WOODARD, EMHARDT, NAUGHTON,
MORIARTY & McNETT

By: *Kurt N. Jones*
Kurt N. Jones
Bank One Center/Tower
111 Monument Circle, Suite 3700
Indianapolis, IN 46204-5137
    (317) 634-3456
FAX  (317) 637-7561

Attorneys For JVW Enterprises, Inc.