IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JVW ENTERPRISES, INC. | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.: MJG 00-1867 |
| INTERACT ACCESSORIES, INC. | * | |
| Defendant. | * | |

* * * * * * * * * * * * * * * * * * * * * *

## JOINT MOTION TO MODIFY SCHEDULING ORDER

JVW Enterprises, Inc., plaintiff, and InterAct Accessories, Inc., defendant, jointly request the Court to modify the Scheduling Order in the above captioned matter and state as follows:

1. On January 29, 2001, the Court entered a Scheduling Order, a copy of which is appended hereto as **Exhibit A**.

2. The parties are in the process of filing claim construction briefs pursuant to paragraph C.8 of that Scheduling Order.

3. Paragraph C.8.d requires each of the parties to file under seal and serve a videotape describing the technology at issue. Paragraph C.8.e requires each of the parties to supply comments on the other party's videotape.

4. The parties respectfully suggest to the Court that videotapes are unnecessary in this case because the technology is not complex. Although the devices are for use with video game platforms, how the electronic technology works is not involved.

PLD0964-L166-01                    1

WHERFORE, the parties respectfully request the Court to amend the Scheduling Order by deleting the requirements of Paragraphs C.8.d and C.8.e relating to videotapes.

|  | Respectfully submitted, |
|---|---|
| *Kurt Jones /JAT* | *Jerrold A. Thrope /signature/* |
| Kurt N. Jones | Jerrold A. Thrope, Trial Bar No. 01376 |
| Woodard, Emhardt, Naughton, Moriarty & McNett<br>Bank One Center/Tower<br>111 Monument Circle, Suite 3700<br>Indianapolis, IN 46204-5137<br>317.634.3456 | Gordon, Feinblatt, Rothman, Hoffberger & Hollander, LLC<br>The Garrett Building<br>233 East Redwood Street<br>Baltimore, Maryland 21202<br>410.576-4295 |
| *Michael MacWilliams /JAT*<br>Michael B. MacWilliams | Attorneys for Defendant,<br>Interact Accessories, Inc. |
| Venable, Baetjer & Howard, LLP<br>2 Hopkins Plaza, Suite 1800<br>Baltimore, MD 21201<br>410.244.7514 |  |
| Attorneys for Plaintiff,<br>JVW Enterprises, Inc. |  |

Approved this 22nd day of August, 2001

/s/ Marvin J. Garbis
**Marvin J. Garbis**
**United States District Judge**

PLD0964-L166-01                     2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JVW ENTERPRISES, INCORPORATED           *

        Plaintiff                       *

    vs.                                 *   CIVIL ACTION No. MJG 00-1867

INTERACT ACCESSORIES, INC.              *
et al.

        Defendants                      *

*    *    *    *    *    *    *    *    *

## SCHEDULING ORDER

In accordance with the conference with counsel in this matter held on January 18, 2001:

  A.  General Matters

    1.  By February 20, 2001, any motion for joinder of additional parties and amendment of pleadings shall be filed.

    2.  The Court will demand compliance with the Local Rules. If you need to obtain a copy of the Local Rules, you may inquire of the Clerk for the identity of the various publishers who will sell you a copy.

    3.  This is an action in which Fed. R. Civ. P. 26(a)(1) does not apply.

    4.  Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office. The original and two copies of all motions and memoranda should be filed with the Clerk. <u>See</u> Local Rule 105.1.

    5.  In any situation in which attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2




and the Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases which are Appendix B to the Local Rules.

6. Dates herein for filing or service are deadlines for actual delivery to the adverse party or the Clerk.

B. Discovery

1. Discovery (other than expert discovery) shall be completed by October 31, 2001.

2. This action is exempted from the requirements of Fed. R. Civ. P. 26(d) and (f). See Local Rule 104.10. However, you are encouraged to confer with one another immediately in order to:

   a. identify the issues,

   b. set a discovery plan,

   c. determine if the case can be resolved before your clients incur further litigation expense, and

   d. establish a cordial professional relationship among yourselves.

3. All of the provisions of Local Rule 104 apply, including the following:

   a. All written discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

   b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

2

    c.    No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the Court. If they are, they will not be returned by the Clerk but will be destroyed.

    d.    Motions to compel shall be filed in accordance with Local Rule 104.8.

    e.    Please be familiar with the Discovery Guidelines of this Court. If you do not have a copy of the Guidelines, you may obtain one through the Clerk's Office.

4.    Expert discovery shall proceed as follows:

    a.    By July 2, 2001, each party shall:

        (1)    Advise the adverse party of the identity of all proposed expert witnesses as to matters which the proposing party bears the burden of proof.

        (2)    Provide Rule 26(b)(2) information.

        (3)    Advise the adverse party of dates within 30 days on which each expert shall be available for deposition so that depositions can be taken.

    b.    By August 1, 2001, each party shall:

        (1)    Advise the adverse party of the identity of any proposed expert witnesses not identified in the previous submission.

        (2)    Provide Rule 26(b)(2) information.

        (3)    Advise the adverse party of dates within 30 days on which each expert shall be available for deposition so that depositions can be taken.

C.  Patent Matters

1.  By February 20, 2001, Patent Owner shall file and serve an Initial Disclosure of Asserted Claims and must produce or make available for inspection and copying the documents specified herein.

   a.  The Initial Disclosure of Asserted Claims shall contain the following information:

      (1) Identification of each claim of each patent in suit that is allegedly infringed by the Alleged Infringer(s);

      (2) Separately for each allegedly infringed claim, each accused apparatus, product, device, process, method, act or other instrumentality (accused instrumentality) of which the Plaintiff is aware. This identification shall be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device or apparatus which, when used, results in the practice of the claimed method or process;

      (3) The date of conception and the date of reduction to practice of each asserted claim.

   b.  At the time of filing the Initial Disclosure of Asserted Claims, the Patent Owner must produce or make available for inspection and copying all documents relating to:

      (1) Any offers to sell each claimed invention prior to the date of application for the patent; and

      (2) Research, design, and development of each claimed invention.

4

2. By April 2, 2001, the Alleged Infringer(s) shall serve and file an Initial Disclosure of Prior Art and must produce or make available for inspection and copying of documents described herein:

   a. The Initial Disclosure of Prior Art shall contain the following information:

      (1) Each item or prior art that the party contends anticipates the claim or renders it obvious;

      (2) For each item of prior art, whether it anticipates the claim or renders it obvious, if a combination of prior art references renders a claim obvious, that combination must be identified.

      (3) The identification of prior art must be as specific as possible. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, its author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used, the date the offer or use took place, and the identity of the person or entity which made the use or which made and received the offer.

   b. At the time of filing the Initial Disclosure of Prior Art, the Alleged Infringer(s) must produce or make available for inspection and copying any source code, specifications, schematics, flow charts, artwork, formulas or other documentation on any accused instrumentality.

3. By May 2, 2001, Patent Owner shall file and serve a Claim Chart and Proposed Claim Construction Statement.

5

    a.    The Claim Chart shall contain the following information:

        (1) Each claim of any patent in suit which the party alleges was infringed;

        (2) The identity of each apparatus, product, device, process, method, art or other instrumentality of each opposing party which allegedly infringes each claim;

        (3) Whether such infringement is claimed to be literal or under the doctrine of equivalents;

        (4) Where each element of each infringed claim is found within each apparatus, product, device, process, method, act or other instrumentality; and

        (5) If Patent Owner wishes to preserve the right to rely on his own apparatus product, device, process, method, act or other instrumentality as evidence of commercial success, the party must identify, separately for each claim, each such apparatus, product, device, process, method, act or other instrumentality that incorporates or reflects that particular claim.

    b.    The Proposed Claim Construction Statement shall contain the following information for each claim in issue:

        (1) Identification of any special or uncommon meanings of words or phrases in the claim;

        (2) All references from the specification that support, describe, or explain each element of the claim;

6

      (3)    All material in the prosecution history that describes or explains each element of the claim; and

      (4)    Any extrinsic evidence that supports that proposed construction of the claim, including, but not limited to, expert testimony, inventor testimony, dictionary definitions and citations to learned treatises, as permitted by law.

4. By May 22, 2001, Alleged Infringer(s) shall file and serve a Responsive Claim Chart and Responsive Proposed Claim Construction Statement.

   a. The Responsive Claim Chart shall contain the following information:

      (1)    The identity of each item of prior art that anticipates the claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and, where feasible, its author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by the item offered for sale or publicly used, the date the offer or use took place, the identity of the person or entity which made the use or which made and received the offer; and

      (2)    Whether it anticipates the claim or renders it obvious. If a combination of prior art references makes a claim obvious, that combination must be identified;

      (3)    Where, specifically, within each item of prior art each element of the claim is found;

7

  (4) All grounds of invalidity other than anticipation or obviousness of any of the claims listed in Claimant's Claim Chart. This identification must be as specific as possible. For example, if a best mode defense is raised, the adverse party must set forth with particularity what constitutes the inventor's best mode, specifically citing information or materials obtained in discovery to the extent feasible. If an enablement defense is raised, the adverse party must set forth with particularity what is lacking in the specification to enable one skilled in the art to make or use the invention; and

  (5) If the claimant has alleged willful infringement, the date and a document reference number of each opinion of counsel upon which the party relies to support a defense to the willfulness allegation, including, but not limited to, issues of validity, and infringement of any patent in suit.

b. The Responsive Proposed Claim Construction Statement shall contain the following information:

  (1) Identification of any special or uncommon meanings of words or phrases in the claim in addition to or contrary to those disclosed in the Proposed Claim Construction Statement;

  (2) All references from the specification that support, describe, or explain each element of the claim in addition to or contrary to those disclosed in the Proposed Claim Construction Statement;

  (3) All material in the prosecution history that describes or explains each element of the claim in addition to or contrary

8

      to those disclosed in the Proposed Claim Construction Statement; and

   (4) Any extrinsic evidence that supports the proposed construction of the claim, including, but not limited to, expert testimony, inventor testimony, dictionary definitions and citations to learned treatises, as permitted by law.

5. Amendment of a Claims Chart or a Responsive Claims Chart may be made only on stipulation of all parties or by Order of the Court, which shall be entered only upon a showing of excusable subsequent discovery of new information or extraordinary good cause.

6. By June 8, 2001, the parties shall meet and confer for the purpose of preparing a Joint Claim Construction Statement.

7. By June 29, 2001, the parties shall file a Joint Claim Construction Statement, which shall contain the following information:

  a. The construction of those claims and terms on which the parties agree;

  b. Each party's proposed construction of each disputed claim and term, supported by the same information that is required in the respective claim construction statements;

  c. For any party who proposes to call one or more witnesses at any claims construction hearing, the identity of each such witness, the subject matter of each witness' testimony and an estimate of the time required for the testimony.

8. Claims construction issues shall be resolved as follows:

  a. By August 16, 2001, Patent Owner shall file and serve an opening brief with supporting

9

       evidence and identification of any proposed <u>Markman</u> hearing witnesses.

   b.   By September 17, 2001, Alleged Infringer(s) shall file and serve a responsive brief with supporting evidence and identification of any proposed <u>Markman</u> hearing witnesses.

   c.   By October 1, 2001, Patent Owner shall file and serve any reply brief and supporting evidence directly rebutting Patent Owner's supporting evidence and identification of any proposed <u>Markman</u> hearing rebuttal witnesses.

   d.   By October 8, 2001, each party shall file under seal and serve a video tape of no more than 30 minutes that includes:

      (1)   A description including a description of the technology at issue and a summary of the party's's primary factual and legal positions.

      (2)   The video tapes should not be productions but, rather, only what is sufficient to be clear.

   e.   By October 15, 2001, each party shall serve (<u>ex parte</u>) and file under seal, a letter of no more than five pages commenting on the other party's tape.

   f.   There shall be a claims construction hearing on Friday, October 26, 2001 (and/or such other dates as may be necessary) commencing at 10:00 a.m.

D.   Summary Judgment Motions

   1.   Any dispositive motions shall be filed no later than 15 days after the Court's ruling on claims construction issues.

   2.   The parties may, but need not, file dispositive motions that are not affected by claims

10

        construction at any time prior to 15 days after the Court's ruling on claim construction.

3. If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c shall not apply.

4. A hearing on summary judgment motions shall be scheduled if necessary.

SO ORDERED this 15th day of January, 2001.

                                                      Marvin J. Garbis
                                             United States District Judge

11